In the Matter of ARTHUR H. SALTZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 19, 1988

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Solomon M. Lowenbraun* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by the Appellate Division of the Supreme Court in the First Judicial Department, on July 8, 1976, under the name Arthur Harvey Saltz.

In this proceeding, the Special Referee sustained six charges of professional misconduct against the respondent. The charges alleged that the respondent sent a letter to the Probation Department of the Family Court, Kings County, in which he falsely stated that the plaintiff in the divorce action was in fact already divorced in the Supreme Court and the Family Court therefore had no jurisdiction; that the respondent fabricated a divorce decree bearing a false index number purportedly signed by a Justice of the Supreme Court; that the respondent persisted in his fabrication of the divorce decree by falsely stating in the letter to the Clerk of the Family Court, Kings County, that his client was divorced; that the respondent transmitted the bogus divorce decree by mail to the Clerk of the Family Court, Kings County; that when being questioned by a Judge of the Family Court, the respondent falsely indicated that he had obtained a copy of the bogus divorce decree with the clerk's certification of authenticity from his calendar service, that his service had purchased the index number, and that he was unaware that the divorce was not previously granted; and that the respondent continued to lie about the divorce action by falsely stating to a law assistant in the Family Court that the respondent's paralegal employee had doctored the divorce papers without his knowing about it and the respondent also falsely stated that he had dismissed this paralegal from his employment "for unrelated reasons".

The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

We are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion denied.

In determining an appropriate measure of discipline to be imposed we have taken into consideration the circumstances advanced by the respondent at the hearing of this matter. Nevertheless, the respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and RUBIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is hereby granted and the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective forthwith, the respondent Arthur H. Saltz, admitted under the name Arthur Harvey Saltz, is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.